IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICKI SCOTT,

        Plaintiff,

   v.

JO ANNE B. BARNHART,
Commissioner of
Social Security,

        Defendant.
_____/

No.  CIV.S-04-2390 DAD PS

ORDER

       This social security matter is before the court on defendant's motion to dismiss the action as time-barred which the court has construed as a motion for summary judgment.  The motion was submitted on the record and papers on file without oral argument.  For the reasons set forth below, defendant's motion will be granted.

## BACKGROUND

       Plaintiff, proceeding pro se, initiated this action by filing her complaint on November 3, 2004, seeking review of a June 4, 2004 final decision denying plaintiff's application for Disability

1

Insurance Benefits under Title II of the Social Security Act.  In response, on February 28, 2005, defendant filed the instant motion seeking dismissal of the complaint on the grounds that it was filed beyond the sixty-day statute of limitations period provided by 42 U.S.C. § 405(g).[1]  In an order filed April 26, 2006, the court construed the motion as one for summary judgment since defendant relied on materials outside the pleadings.  See Fed. R. Civ. P. 12(b).  That same order provided both parties additional time in which to present material pertinent to the converted motion.

Plaintiff has responded to defendant's motion by filing a brief written opposition thereto, along with various documents she received in connection with the administrative proceedings.  In her opposition plaintiff indicates that "[d]ue to certain circumstances I was unable to file a complaint ... within the 60 days."  (Pl.'s Mem. at 1.)  Plaintiff further argues that the Office of Hearings and Appeals granted her a thirty-day extension of time to file her complaint.  According to plaintiff's unsworn opposition, the Office of Hearings and Appeals erroneously informed plaintiff that the calculation of that additional thirty days excluded weekends.  It thus appears that plaintiff opposes defendant's motion on the grounds that equitable considerations warrant the tolling of the statute of limitations in her case.

/////

---

[1] Defendant has neither filed an answer nor lodged the transcript of administrative proceedings in light of the pending motion.

2

**SUMMARY JUDGMENT STANDARDS**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**ANALYSIS**

42 U.S.C. § 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Here, the Commissioner's decision denying plaintiff's application for benefits became final on June 4, 2004 when the

3

1 Appeals Council denied plaintiff's request for review by letter dated
2 June 4, 2004.  (See Decl. of Joan Devera, Ex. 2, attached to Response
3 filed April 27, 2006.)  That letter properly advised plaintiff that
4 she had sixty days from her receipt of that letter to commence a
5 civil action, with the date of receipt presumed to be five days from
6 the date of the letter.  (See id.)  In a letter dated September 24,
7 2004, the Office of Hearings and Appeals advised plaintiff that she
8 had an additional "30 days from the date you receive this letter" to
9 file a civil action.  (Pl.'s Mem., Ex. 1.)  The date of receipt again
10 was presumed to be five days from the date of the letter.  (Id.)
11 Thus, in light of the thirty-day extension of time, with the five-day
12 mailing period taken into account, to be timely plaintiff's complaint
13 had to be filed on or before October 29, 2004.  However, plaintiff
14 did not initiate this action by filing her complaint until November
15 3, 2004.

16      The parties do not dispute that the complaint is untimely
17 on its face, the complaint having been filed more than thirty days
18 after plaintiff's receipt of the letter granting her an extension of
19 time.  Rather, the issue presented is whether equitable tolling of
20 the statute of limitations is warranted under the facts of this case.

21      The sixty-day period is not jurisdictional, but rather is
22 a statute of limitation.  Bowen v. City of New York, 476 U.S. 466,
23 479 (1986).  Because it is a condition precedent to the waiver of
24 sovereign immunity, however, it is to be strictly construed.  City of
25 New York, 476 U.S. at 479.  Thus, while this statute of limitations
26 is subject to equitable tolling, such tolling is appropriate only "in

4

the rare case." Id. at 481.  Accordingly, equitable relief in this context is available only "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'"  Id. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)).  See also Banta v. Sullivan, 925 F.2d 343, 346 (9th Cir. 1991).  For these reasons it has been recognized that "[t]he task of showing a basis for equitably tolling the statute of limitations may also prove to be daunting." Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987).

Here, no facts justifying equitable tolling have been presented.  Plaintiff merely asserts that "[d]ue to certain circumstances I was unable to file a complaint ... within the 60 days." (Pl.'s Mem. at 1.)  However, plaintiff offers no further details regarding the extent of these "certain circumstances" or how they impacted her ability to pursue her claim for benefits by filing a timely request for review.  Such a showing is insufficient to establish a basis for equitable tolling.  Cf. Udd v. Massanari, 245 F.3d 1096, 1100 (9th Cir. 2001) (finding "overwhelming evidence" in medical records that plaintiff lacked the mental capacity to understand the procedures for review, including evidence of schizophrenia, visual and auditory hallucinations, and loss of control of arms and legs).

Moreover, plaintiff has cited no authority for the proposition that either the initial sixty-day period, or the additional period of thirty days granted by the Office of Hearings and Appeals, did not include weekends.  Indeed, the law provides that

such periods include all calendar days, including weekends.  See Fed. R. Civ. P. 6(a)("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").  See also Johnson v. Flemming, 264 F.2d 322, 322 (10th Cir. 1959)(where claim for old-age insurance benefits was denied by letter dated February 27, 1957, the sixtieth day was April 28, 1957)[2]; Willis v. Weinberger, 385 F. Supp. 1092, 1094 (E.D. Va 1974)(where the disability insurance benefits claimant was notified of appeals council's denial of his claim by a letter dated June 18, 1973, the sixty-day period within which he could obtain judicial review expired on August 17, 1973).

      Nor has plaintiff cited any authority in support of the suggestion that alleged misinformation provided by the Office of Hearings and Appeals may warrant equitable tolling.  Further, even if plaintiff had been misinformed regarding the inclusion of weekends in the limitations period calculation, such an event would not amount to the active concealment of facts, a secret policy, or conduct designed to mislead plaintiff.  See Disabled Rights Union v. Shalala, 40 F.3d 1018, 1021 (9th Cir. 1994)("Where the agency action was not taken pursuant to a secret internal policy, but under a regulation that was published for all to see, the deadline for an appeal is not equitably

/////

---

[2] The court notes that April 28, 1957 was a Sunday; therefore, the claimant in Johnson had until Monday, April 29, 1957, to file her complaint.  However, no similar issue exists here.  The last day of the period for the filing of plaintiff's complaint here was Friday, October 29, 2004.

6

tolled.")(internal quotes omitted); <u>Johnson v. Shalala</u>, 2 F.3d 918, 923 (9th Cir. 1993).

Finally, the court notes that once the statute of limitations had expired defendant was entitled to expect that a claim regarding the denial of plaintiff's applications would not have to be defended against. <u>See</u> <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 525 (9th Cir. 1976)("Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim."). Requiring defendant to mount a defense beyond the expiration of the statute of limitations would be inconsistent with the Supreme Court's recognition that "the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." <u>City of New York</u>, 476 U.S. at 481. <u>See</u> <u>also</u> <u>Banta</u>, 925 F.2d at 346 (Congress intended the sixty-day time limit to compress the time for judicial review); <u>Matlock v. Sullivan</u>, 908 F. 2d 492, 494 (9th Cir. 1990)(same).

Accordingly, plaintiff's complaint must be dismissed as time-barred.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment is granted; and

/////

/////

/////

/////

2. This action is dismissed as barred by the applicable statute of limitations.

DATED: May 22, 2006.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.socsec/scott2390.msj.order